**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) DENISE COE, an individual,** | § | |
| **(2) KEN MCCRACKIN, an individual, and,** | § | |
| **(3) CAR WASH PIT STOP, INC., a** | § | |
| **Domestic For Profit Corporation** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **vs.** | § | **CASE NO.** _CIV-13-893-F_ |
| | § | |
| **(1) STATE FARM FIRE AND** | § | |
| **CASUALTY COMPANY, a Domestic** | § | |
| **For Profit Insurance Corporation, and** | § | |
| **(2) JOELLA FULLBRIGHT INSURANCE** | § | |
| **AGENGY, INC., a Domestic For** | § | |
| **Profit Corporation** | § | |
| | § | |
| **Defendants** | § | **JURY DEMANDED** |

**DEFENDANTS STATE FARM FIRE AND CASUALTY**
**COMPANY AND JOELLA FULLBRIGHT INSURANCE AGENCY INC.'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

PLEASE TAKE NOTICE that Defendants, State Farm Fire and Casualty Company ("State Farm"), and Joella Fullbright Insurance Agency, Inc., hereby file their Notice of Removal ("Notice"). In support hereof, State Farm would respectfully show the Court as follows:

1. On September 24, 2012, Plaintiffs Denise Coe, Ken McCrackin and Car Wash Pit Stop, Inc., filed their Petition in the matter captioned *Denise Coe, an individual, Ken McCrackin, an individual, and Car Wash Pit Stop, Inc., a Domestic For Profit Corporation v. State Farm Fire and Casualty Company, a Domestic For Profit Insurance Corporation, and*

1

*Joella Fullbright Insurance Agency, Inc., a Domestic For Profit Corporation,* Case No. CJ-2012-266 in the District Court of Grady County, State of Oklahoma.  (Ex. 1).

### Nature of the Suit

2.      As stated in the Petition, this is a suit for breach of contract and bad faith alleging the refusal of State Farm Fire and Casualty Company ("State Farm") to pay to repair a car wash damaged in a tornado on May 24, 2011.  Joella Fullbright Insurance Agency, Inc. ("JFIA") allegedly also breached the policy and acted in bad faith, presumably by instructing State Farm to change the coverage on the policy to delete the building coverage on the car wash.

### Basis of Removal

3.      The Defendants seek to remove this suit on the grounds of diversity jurisdiction under 28 U.S.C. § 1332.  According to Exhibit 1, Denise Coe resides in Oklahoma, and would therefore be a citizen of the State of Oklahoma.  According to his discovery responses, Ken McCrackin is also a citizen of the State of Oklahoma.  (Exhibit 2).  Exhibit 1 indicates Car Wash Pit Stop, Inc. is an Oklahoma corporation with its principal place of business in Chickasha, Oklahoma, and therefore, it is an Oklahoma citizen.  State Farm is a corporation organized in Illinois, with its principal place of business in Bloomington, Illinois.  JFIA is a citizen of Oklahoma, but as set forth below, JFIA was fraudulently joined, so its citizenship should be ignored.  The Court has jurisdiction because the Plaintiffs are completely diverse from State Farm.

4.     The amount in controversy exceeds $75,000 exclusive of interest and costs. On Page 3, paragraph 25 of Plaintiffs' Petition, they specifically allege their damages exceed $75,000 for compensatory damages and exceed $75,000 for punitive damages, and that is just as to their first cause of action.

5.     State Farm files with this Notice all pleadings or other documents on file in the State Court matter, including the docket sheet.  (see Exhibit 3).  State Farm is filing this Notice of Removal within 30 days of receiving copies of Plaintiffs' depositions, which are referenced below.  The suit is being removed within one year of its filing.

## **Fraudulent Joinder**

Fraudulent joinder has occurred in this case, as there is no viable cause of action stated against JFIA, and it was added in order to prevent removal.  *See Dodd v. Fawcett Pubs, Inc.,* 329 F.2d 82, 85 (10th Cir. 1964); *see also Anderson v. Lehman Bros. Bank, FSB.,* __ Fed Appx. __, 2013 W.L. 2934303 at *2 (10th Cir., June 17, 2013).

A defendant can prove fraudulent joinder by showing either (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant.  *Von Dowrum v. Synthes*, 908 F.Supp.2d 1179, 1182 (N.D. Okla. 2012); *Slover v. Equitable Variable Life Ins. Co.,* 443 F.Supp.2d 1272, 1276 (N.D. Okla. 2006).  Removability of a case is to be assessed based upon the complaint or petition as it existed at the time of removal.  *St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283, 292, 58 S.Ct. 586, 591-92, 82 L.Ed. 845

(1938); *see also Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83 L.Ed. 334 (1939); *Pfeiffer v. Hartford Fire Ins.*, 929 F.2d 1484, 1488-89 (10th Cir. 1991).

Plaintiffs have failed to state a viable cause of action against JFIA. The Plaintiffs sued JFIA for breach of contract and breach of the duty of good faith and fair dealing. As set forth below, Plaintiffs have testified there was no contract between them and JFIA. The only contract at issue in this case is the insurance policy, to which JFIA is not a party. Plaintiffs also testified anything JFIA did to harm them was simply a mistake, and a simple mistake does not equate to a breach of the duty of good faith and fair dealing. They further testified JFIA was not handling their claim.

JFIA was a State Farm insurance agency owned by Joella Fullbright. In 2003, she sold insurance to the Plaintiffs covering the Car Wash Pit Stop. (Ex. 4). That business operated a car wash at 408 W. Country Club in Chickasha, Oklahoma, and a lube shop at 406 W. Country Club in Chickasha. (Ex. 5, Deposition of Ken McCrackin, Pg. 27, Ln. 21 – Pg. 28, Ln. 5). The individual Plaintiffs also did business as Sundance Car Wash, a car wash located at 420 Grand in Chickasha. (Ex. 5, Pg. 27, Ln. 15 – Ln. 17). Plaintiffs assert that on September 13, 2006, Ken McCrackin contacted Joella Fullbright to cancel the coverage on Sundance Car Wash, which she did. (Ex. 5, Pg. 61, Ln. 5 – Pg. 62, Ln. 5). Joella Fullbright also modified the Car Wash Pit Stop insurance policy to eliminate the coverage on the car wash at 408 W. Country Club. Joella Fullbright maintains this was done at Mr. McCrackin's request. Mr. McCrackin denies this, and Plaintiffs assert Joella Fullbright simply made a mistake in cancelling both car washes.

4

On May 24, 2011, the Car Wash Pit Stop was damaged by a tornado.  (Ex. 1). When State Farm investigated the claim, it recognized there was no coverage on the car wash located on Country Club and so informed the Plaintiffs.  Plaintiffs assert they were unaware of the policy change which deleted the car wash, and this situation ultimately resulted in this lawsuit.

### Plaintiff's Cannot Establish Liability Against JFIA as a Matter of Law

1.      **Breach of Contract**.

Plaintiffs first cause of action under their Petition is titled, "Breach of Insurance Contract."  They allege State Farm refused to honor its agreement to pay the policy benefits allegedly owed to Plaintiffs, and that this "refusal may be due to acts and/or omissions of" JFIA.  Both Ken McCrackin and Denise Coe have testified they had no direct contract between Plaintiffs and JFIA, only the insurance policy.  (Ex. 5, Pg. 60, Ln. 10 – Pg. 61, Ln. 4; Ex. 6, Deposition of Denise Coe, Pg. 141, Ln. 17 – Pg. 142, Ln. 18). JFIA is not a party to the insurance contract, and has no control over whether State Farm does nor does not pay a claim.  As a matter of law, JFIA cannot be liable for breach of the insurance policy.

2.      **Breach of the Duty of Good Faith and Fair Dealing**.

JFIA is an insurance agent, not an insurance company.  Denise Coe testified that JFIA did not adjust the claim for Plaintiffs.  (Ex. 6, Pg. 140, Ln. 7 – Pg. 141, Ln. 15). Denise Coe and Ken McCrackin also testified that what they believe occurred was that Joella Fullbright simply made a mistake.  (Ex. 5, Pg. 95, Ln. 12 – P. 96, Ln. 11; Ex. 6, Pg.

58, Ln. 19 – Pg. 59, Ln. 1).  Under *Badillo v. Mid-Century Ins. Co*., 121 P.3d 1080, 1094 (Okla. 2005), bad faith requires more than simple negligence.  From the testimony of the Plaintiffs, it is clear they are simply accusing Ms. Fullbright of a mistake, or simple negligence.  Therefore, as a matter of law, there can be no breach of the duty of good faith and fair dealing.

**3.      The unasserted claims**.

Plaintiffs have had months to amend or clarify their allegations against JFIA, but have not done so.  Again, the case law holds the determination of whether a suit can be removed should be based on the petition as of the time of the removal.  On this basis, the suit is clearly removable.

To the extent the Court would examine any unasserted claims to determine whether JFIA has been fraudulently joined, Defendants note such claims would be barred by the statute of limitations, regardless of whether it is a two year or four year limitations period.  If Plaintiffs had asserted a breach of contract or negligence claim, Plaintiffs testimony establishes that, even if the policy change was done in error, they were on notice of the change almost five years before the tornado, and approximately six years before filing this suit.

It is State Farm's regular and customary business practice of mailing insurance policies, Declarations Pages and Renewal Certificates to the insured's mailing address with correct postage.  (Exhibit 7, Affidavit of Raquel Laing).  When something is mailed bearing a correct address and sufficient postage, a rebuttable presumption exists that it

did in fact reach the addressee.  *Booth v. McKnight*, 70 P.3d 855, 858 n. 6 (Okla. 2003); *Shamblin v. Beasley*, 967 P.2d 1200, 1212 n. 51 (Okla. 1998).  As set forth below, both Ken McCrackin and Denise Coe testified that all of the Declarations Pages and Renewal Certificates had the correct mailing address.  Furthermore, neither one denied receiving the notifications from State Farm, they just did not recall actually looking at them.

An insured cannot assert ignorance of the terms of the policy and the applicable coverages.  Oklahoma law holds it is "fundamental that an insured is chargeable with knowledge of the terms of his insurance policy, and has the duty to read and know the contents thereof …."  *Dalton v. LeBlanc*, 350 F.2d 95, 97 (10th Cir. 1965) (citing *Budgett v. Oklahoma Life Ins. Co*., 54 P.2d 1059 (Okla. 1935)); *see also Hayes v. State Farm Fire and Cas. Co*., 855 F.Supp.2d 1291, 1301 (W.D. Okla. 2012) (insured cannot rely on lack of recollection of receiving the policy to avoid its provisions); *Bituminous Cas. Corp. v. Pollard*, 2011 W.L. 6012608 at *4 (W.D. Okla. Dec. 1, 2011); *Caton v. State Farm Fire and Cas. Co.,* 2007 W.L. 2993869 at *5 n. 4 (W.D. Okla. Sept. 19, 2007); *Travelers Ins. Co. v. Morrow*, 645 F.2d 41, 44 (10th Cir. 1981).

The application for insurance for the policy at issue indicates there were two separate buildings insured under the policy (Ex. 8).  Building No. 1 was 406 W. Country Club, the lube shop.  The building was to be insured for $300,000 and the business personal property in the lube shop for $125,000.  The car wash, located at 408 W.

Country Club was also insured for $300,000 on the building, but there was no business personal property coverage.  (Ex. 8).

Exhibit 4 is the Declarations Page for the first State Farm policy on that car wash. It shows effective dates of May 20, 2003 to May 20, 2004.  The Schedule Page shows the two separate insured locations, each building insured for $300,000, for a total building coverage of $600,000.

The next State Farm policy covering the car wash is reflected in Exhibit 9.  It is effective from May 20, 2004 to May 20, 2005.  For some reason, the two separate locations both have an address of 405 W. Country Club.  However, as Ken McCrackin testified, he recognized that location No. 1 was the lube shop and location No. 2 was the car wash. (Ex. 5, Pg. 37, Ln. 2 – Ln. 22).  Again, the lube shop has building coverage of $300,000 and business personal property coverage of $125,000.  The car wash has an additional $300,000 of building coverage, but no coverage for business personal property.

Exhibit 10 is the renewal certificate for the period of May 20, 2005 to May 20, 2006.  It lists location No. 1 as having building coverage of $332,100 and coverage for business personal property of $127,600.  Location No. 2 (the car wash) had building coverage limits of $332,100, for total building coverage limits of $664,200.

The policy renewal for May 20, 2006 to May 20, 2007 is Exhibit 11.  It reflects building coverage limits of $353,400 on the lube shop (location No. 1) and $353,400 on the car wash (location No. 2), so as of May 20, 2006, Plaintiffs were on notice that the buildings were insured for a total of $706,800.

The policy at issue was changed effective September 13, 2006. Because the coverages changed, an amended Declarations Page was sent to Plaintiffs. (Ex. 12). On the first page of the amended Declarations Page, it says the policy is amended effective September 13, 2006, "BUILDING COVERAGE DELETED." It also stated that endorsement FE-7315.1 was added to the policy. It indicates that the premium was decreasing $737.24. On the Schedule Page, where the insured locations are listed, the coverages on location No. 1 (the lube shop) remain unchanged. It then says, as to location No. 2, "Coverage Deleted as of Sep 13 2006," and no coverage limits are listed for location No. 2.

The endorsement FE-7315 is also part of Exhibit 12. It states:

> TO KEEP THIS POLICY IN EFFECT, AT THIS TIME, THIS AGREEMENT IS MADE:
>
> UNDER SECTION I AND II OF THIS POLICY WE WILL NOT PAY FOR LOSS OR DAMAGE TO: THE CAR WASH LOCATED AT 405 W. COUNTRY CLUB RD CHICKASHA OK 73018-7235.
>
> THIS AGREEMENT ALSO APPLIES TO ANY REINSTATEMENT OR RENEWAL OF THIS POLICY.

This endorsement was made a part of all subsequent renewals of the policy.

Ken McCrackin testified the Amended Declarations Page had the correct mailing address. He also said he was not disputing whether they received it, "I'm not saying I never got it, I never saw it." (Ex. 5, Pg. 70, Ln. 4 – Pg. 71, Ln. 18). Denise Coe also testified the mailing address was correct, and she did not dispute that they received it. (Ex. 6, Pg. 59, Ln. 5 – Pg. 61, Ln. 5).

9

The next renewal was May 20, 2007 to May 20, 2008.  It showed only one location: "405 W. Country Club Rd," and the coverage for buildings was $371,500.  (Ex. 13).  Special Endorsement FE-7315.1 was made a part of that policy (See Ex. 13), as it was every subsequent renewal.  Again, Denise Coe did not deny receiving the renewal notice.  (Ex. 6, Pg. 61, Ln. 6 – Pg. 62, Ln. 4).

The address was corrected on the May 20, 2008 to May 20, 2009 Renewal Certificate.  (Ex. 14).  It shows only one location insured under the policy: "406 W. Country Club Rd," and the building coverage was $378,200.  The Renewal Certificates for 2009 to 2010 (Ex. 15) and 2010 to 2011 (Ex. 16) also show 406 W. Country Club as the only insured location.

Exhibit 17 is the Declarations Page for the policy in effect on the May 24, 2011 date of loss.  Just shortly before the policy renewed in May of 2011, a new business opened in the same block as the lube shop, so the address of the lube shop changed to 408 W. Country Club Rd.  (Ex. 5, Pg. 76, Ln. 2 – Pg. 77, Ln. 6).

As of the date of loss, May 24, 2011, the Plaintiffs had received at least six written notifications that showed only one insured location, indicated building coverage limits of approximately 50% of what they had been, and included an endorsement which indicated there was no coverage for the car wash.  Again, insureds have a duty to examine their insurance policies, "and if they fail to do so, the insurance broker is not liable because the insured is 'charged with the knowledge of the terms and conditions of the policy.'" *National American Ins. Co. v. H.R.A.*, 2005 W.L. 2035042 at *4 (W.D. Okla. Aug. 23,

2005) (quoting *Westchester Specialty Ins. Services, Inc. v. U.S. Fire Ins. Co.,* 119 F.3d 1505, 1509 (11th Cir. 1997)).

This was not an obscure, minor change; it was clearly stated on the amended Declarations Page effective September 13, 2006. Joella Fullbright asserts the change was made correctly at the direction of Ken McCrackin, but even if it was a mistake, the Plaintiffs had been on actual or constructive notice of this change for more than four and a half years before the tornado. They received and accepted the benefit of a reduced premium from the elimination of the building coverage on the car wash that entire time. They cannot assert a valid negligence or breach of contract claim against Joella Fullbright under the facts of this case. See e.g. *Slover*, 443 F.Supp.2d at 1283.

WHEREFORE, PREMISES CONSIDERED, Defendants, State Farm Fire and Casualty Company and Joella Fullbright Insurance Agency, Inc., pursuant to and in conformity with the requirements set forth in 28 U.S.C. § 1446 removes Case No. CJ-2012-266, *Denise Coe, an individual, Ken McCrackin, an individual, and Car Wash Pit Stop, Inc., a Domestic For Profit Corporation v. State Farm Fire and Casualty Company, a Domestic For Profit Insurance Corporation, and Joella Fullbright Insurance Agency, Inc., a Domestic For Profit Corporation*, in the District Court of Grady County, State of Oklahoma, on this, the 21st day of August, 2013.

Respectfully submitted,


By_____/s/Daniel C. Andrews_____
21 E. Main St., Suite 101
Oklahoma City, Oklahoma  73104
Telephone:    (405) 601-8713
Facsimile:     (405) 232-8330
**ATTORNEYS IN CHARGE FOR,
DEFENDANT STATE FARM FIRE AND
CASUALTY COMPANY and JOELLA
FULLBRIGHT INSURANCE AGENCY, INC.**

**OF COUNSEL:**
**JONES, ANDREWS & ORTIZ, P.C.**


## CERTIFICATE OF SERVICE

I hereby certify that on August 21st, 2013, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mr. Dustin Compton
BASS LAW FIRM, P.C.
P.O. Box 157
El Reno, Oklahoma  73036

Mr. Brett Burns
519 West Chickasha Ave.
Chickasha, OK  73018


/s/ Daniel C. Andrews_____
Daniel C. Andrews