### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENISE COE, et al., | ) |
|        Plaintiffs, | ) |
| v. | ) Case No. CIV-13-0893-F |
| STATE FARM FIRE AND CASUALTY COMPANY, et al., | ) |
|        Defendants. | ) |

### ORDER

Plaintiffs, Denise Coe, Ken McCrackin, and Carwash Pitstop, Inc., move to remand this action under 28 U.S.C. § 1447(c) to the District Court of Grady County, State of Oklahoma. Doc. no. 6. The motion seeks remand based on the untimely filing of removal on behalf of the defendants. Doc. no. 6, p. 2. Defendants, State Farm Fire and Casualty Company ("State Farm") and Joella Fullbright Insurance Agency, Inc. ("JFIA"), have filed a joint response. Doc. no. 8. Plaintiffs have replied, doc. no. 9, and defendants have jointly filed a motion for leave to file a sur-reply. Doc. no. 10.

#### Background

This is a suit for breach of contract and bad faith, alleging that State Farm refused to pay the cost of repairs to plaintiffs' car wash (damaged in a tornado on May 24, 2011), and that JFIA breached its policy and acted in bad faith by instructing State Farm to remove the insurance coverage on the car wash. Doc. no. 1, p. 2. Plaintiffs filed suit on September 24, 2012, in the District Court of Grady County, State of Oklahoma. Doc. no. 1, p. 1-2. On July 17, 2013, the depositions of Denise Coe and

Ken McCrackin were taken on behalf of defendants. Docs. no. 6-1, 6-2. For removal purposes, defendants relied upon a copy of the plaintiffs' depositions received by defendants on July 26, 2013, and defendants filed their notice of removal on August 21, 2013. Doc. no. 8, p. 2.

## Discussion

When a case is not initially ascertained as removable, 28 U.S.C. § 1446(b)(3) requires that the notice of removal be filed within thirty days of receipt by the defendant "of a copy of an amended pleading, motion, order or other paper," which alerts the defendant that the case is or has become removable. Although defendants in the instant case argue that removal must be filed within thirty days of receipt of the deposition transcript, doc. no. 6, p. 2, the Tenth Circuit has made it clear that the removal period begins at the giving of the testimony. Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072 (10th Cir. 1999).

In Huffman, the Tenth Circuit considered whether a deposition constitutes an "other paper" under § 1446(b)(3). *Id.* at 1078. The Tenth Circuit adopted the majority rule, which does not require receipt of an actual written document, but rather considers a discovery deposition as fulfilling the requirement of receipt of an "other paper." *Id.* The Tenth Circuit held that the intent of § 1446(b)(3) is to ensure that defendants have the opportunity to remove upon receiving notice, and that "information elicited during a deposition may serve that purpose." *Id.* The court stated that "For purposes of the removal statute, deposition testimony stands on equal footing with written forms of discovery, such as interrogatories and requests for information." *Id.* The court further reasoned that this rule resonates with the intent of the statute because there is no deadline in the rules of civil procedure for obtaining a deposition transcript, which subjects the receipt date to manipulation. *Id.* Defendants argue that (i) Huffman should be disregarded because that case was

wrongly decided and (ii) Huffman is, in any event, distinguishable. Doc. no. 8, at 4 - 6. On the first point, this court will leave to the Court of Appeals the prerogative of overruling its own decisions. *Cf.,* Rodriguez de Quijas v. Shearson/American Exp., Inc. 490 U.S. 477, at 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.") On the second point, it suffices to say that this court is unpersuaded by defendants' proffered distinction.

## Conclusion

In applying the Tenth Circuit rule to the case at hand, the removal period for defendants commenced on July 17, 2013, the date of the plaintiffs' depositions. Defendants filed their motion for removal on August 21, 2013, which was outside the thirty-day window. The motion to remand is **GRANTED**. This action is hereby **REMANDED** to the District Court of Grady County, State of Oklahoma. Furthermore, because removal was untimely the issue raised in plaintiffs' reply brief is moot and requires no sur-reply. Defendants' motion for such is **STRICKEN** as moot.

Dated October 11, 2013.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-0893p002.wpd